**U.S. Department of Justice**

U. S. DISTRICT COURT
Eastern District of Louisiana

FILED OCT 2 4 2007

Eastern District of Louisiana
U. S. Attorney's Office

**LORETTA G. WHYTE**
Clerk

Dorothy Manning Taylor
Assistant United States Attorney

Hale Boggs Federal Building
500B Poydras Street, Second Floor
New Orleans, LA  70130

Telephone: (504) 680-3083
Fax: (504) 589-4510

September 20, 2007

Bradley C. Myers
KeanMiller
P.O. Box 3513
Baton Rouge, LA  70821

Re: United States v. Northlake Environmental Engineering Services, Inc.

Dear Mr. Myers:

In compliance with the holding of Bryan v. United States, 492 F.2d 775 (1974) and with Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement which was reached between the Government and Northlake Environmental Engineering Services, Inc. (The Company), the defendant in the above-captioned proceeding. As defendant's counsel, you have reviewed the terms of this agreement and have been advised by The Company that The Company fully understands the terms of this agreement. The Company by resolution attached hereto has authorized you to enter into this plea agreement. Additionally, The Company has agreed to sign the waiver of indictment attached hereto.

The Government has filed a one count Bill of Information charging the Company with a felony Clean Water Act violation. The Company understands that the maximum penalty it faces for violation of the Clean Water Act, Title 33, United States Code, §1319(c)(2)(A), is a fine not less than $5,000 nor more than $50,000 per day.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and The Company agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, The Company understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Bradley C. Myers
Page -2-
September 20, 2007

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and the agreement made between the Government and The Company, the Government and The Company agree and stipulate to the following plea and sentence applicable to this case:

(1) The Company shall plead guilty to the one count Bill of Information charging The Company with a felony violation of the Clean Water Act, 33 USC §1319(c)(2)(A), arising from The Company's placement of a water hose at the Alamosa Plant as discovered by the Louisiana Department of Environmental Quality ("LDEQ") inspectors, as more thoroughly described in a mutually acceptable Factual Basis submitted herewith;

(2) In exchange for The Company's guilty plea, the Government agrees that it will not bring any other charges against the Company or against any related companion entity that operates out of the same office (including Greenleaves Utility Company), their owners, directors, officers, and employees, arising from or related to any and all conduct known to the Government, in the Eastern District of Louisiana, at the time of the relevant plea agreement including the activities described in paragraph (1) and more specifically set forth in the Factual Basis;

(3) The Company shall be placed on probation for a term of three (3) years;

(4) The Government agrees to accept $200,000 as an appropriate punitive fine amount.

(5) The fine shall be paid as follows:

> The Company agrees to pay $1000 a month for thirty-six months.
> The Company may, at any time during the three (3) years probation pay the entire $200,000 fine or the remaining balance on that fine. However, should there be any remaining fine owed on the date of termination of probation, the Company agrees to sign a promissory note for the remaining balance owed;

(6) The Company shall also pay a mandatory special assessment fee of $400.00 under the provisions of 18 USC 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Bradley C. Myers
Page -3-
September 20, 2007

    (7)    Restitution is not applicable in this case. However, The Company agrees as community service to:

        (a) contribute on the day of sentencing (1) $15,000 to the Louisiana State Police Right to Know Fund, which money pays for, among other things, State Police first responders' equipment and the Louisiana State Police hot line, and (2) $15,000 to the Louisiana Department of Environmental Quality, Household Hazardous Material Fund; and

        (b) purchase and begin installation within thirty days of sentencing an emergency electrical generator for each water well owned and operated by the Company and used by the Company to supply potable water to the citizens of St. Tammany Parish, Louisiana; such emergency electrical generators will be capable of supplying electrical power to the water wells in the event of an emergency, such as Hurricane Katrina, when the normal electrical power supply is lost; the cost of purchasing and installing such emergency electrical generators shall be no less than $120,000.

    The parties have entered into this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the plea agreement, The Company has the right to withdraw the guilty plea.

    Except as otherwise provided in this paragraph, The Company hereby expressly waives the right to appeal this sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on The Company, and The Company further agrees not to contest this sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The Company, however, reserves the right to appeal any sentence imposed that does not comply with the above stipulated sentence.

    The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and The Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Bradley C. Myers
Page -4-
September 20, 2007

    Further, The Company understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

    The stated $200,000 fine and the community service [$15,000 to State Police, $15,000 to LDEQ, and the $120,000 installation of emergency generators] represent the total amount to be paid by The Company pursuant to the guilty plea and no other fine/restitution shall be applicable in this case. The Company agrees that the fine and community service will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation.

    The Company understands that the statements set forth above and the factual basis to be filed in the record represent defendant's entire agreement with the Government in the Eastern District of Louisiana and that there are no other agreements, letters or notations that will affect this agreement.

Very truly yours,

DOROTHY MANNING TAYLOR
Assistant United States Attorney

NORTHLAKE ENVIRONMENTAL ENGINEERING SERVICES, INC.

By: _____  10-24-07
President                                Date

_____  10-24-07
BRADLEY C. MYERS                Date
Attorney for defendant